UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GEORGE K. BROWN                                   CIVIL ACTION

VERSUS                                            NO: 11-2269

GEORGE W. HUTCHINSON, D/B/A                       SECTION: R
CABILDO STAFFING, LLC, ANGELA
STEBBINGS, MURPHY OIL USA,
INC., JOHN C. GROUT, DR. MARCUS
L. WARE, DALLAS NATIONAL
INSURANCE CO.

## ORDER

Plaintiff George Brown filed a complaint, vague and virtually unintelligible, ostensibly alleging violations of Louisiana's workers' compensation laws and some impropriety resulting in his inability to obtain his medical records. Before the Court are various motions to dismiss and for summary judgment brought by the respective defendants on numerous grounds, including this Court's lack of subject matter jurisdiction.[1]

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir.

---

[1]  R. Doc. 13; R. Doc. 16; R. Doc. 18; R. Doc. 19.

2011) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). The Court "must dismiss the action if it finds that it lacks subject matter jurisdiction[,]" *id.* (citing Fed. R. Civ. P. 12(h)(3)), and the "party asserting jurisdiction bears the burden of proof on a 12(b)(1) motion to dismiss." *Id.* (quoting *Ramming*, 281 F.3d at 161). Because the plaintiff has not asserted facts sufficient to create federal subject matter jurisdiction under 28 U.S.C. §§ 1331 or 1332, his action is hereby dismissed.

New Orleans, Louisiana, this 16th day of March, 2012.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE